T.C. Summary Opinion 2016-11

UNITED STATES TAX COURT

DONA DE PRIMAVERA JACKSON AND JOSEPH DWIGHT JACKSON,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25730-14S.                    Filed March 9, 2016.

Dona De Primavera Jackson and Joseph Dwight Jackson, pro sese.

Peter T. McCary, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,198 in petitioners' Federal income tax for 2012. The deficiency is attributable solely to petitioners' failure to report nonemployee compensation of $10,274 that Mr. Jackson received from John Downs Southern Cattle Co. (SCC) in 2012. Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioners resided in Florida.

Petitioners concede that Mr. Jackson's nonemployee compensation is properly includable in taxable income. They maintain, however, that they are entitled to deductions for business expenses related to a small-engine repair business and Mr. Jackson's work as an independent contractor.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the first supplemental stipulation of facts, and the accompanying exhibits are incorporated herein by this reference.

---

[1](...continued)
Revenue Code, as amended and in effect for 2012, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

I. Mr. Jackson's Employment and Business Activities

In 2012 Mr. Jackson worked as a mechanic for several employers including Landress Auto (January to March) and SCC (August to December). From March to August 2012 Mr. Jackson operated a small-engine repair business.

A. Small-Engine Repair Business

In early 2012 Mr. Jackson decided to open a small-engine repair business, and to that end he constructed a small workshop on his father's property. Mr. Jackson testified that the business generated gross receipts (in cash) of approximately $650.

B. SCC

SCC operates an 18,000-acre farm. During August through October 2012 Mr. Jackson worked at SCC as an independent contractor. For the remainder of the year SCC treated Mr. Jackson as an employee. Mr. Jackson normally worked 10 to 14 hours a day repairing trucks, tractors, water lines, and other equipment at various locations on SCC's property.

Petitioners produced an undated letter signed by Lamont Ennis, SCC's general manager, which states that SCC's contract laborers were not reimbursed for work tools or supplies. As an SCC employee, however, Mr. Jackson was

provided a vehicle (and fuel) to transport himself around the farm property and a cellular phone to stay in contact with SCC's managers.

### C. Business Expenses

#### 1. Small-Engine Repair Business

Mr. Jackson testified that he purchased some building materials from a friend in the home construction business to construct the workshop on his father's property, but he had no receipts and could not recall how much he had paid for the materials. Mrs. Jackson created business cards and flyers to assist Mr. Jackson in promoting the business. Both petitioners used their personal vehicles and cellular phones in connection with the small-engine repair business.

#### 2. SCC

Mr. Jackson routinely used his personal cellular phone to communicate with SCC's managers and his own vehicle (a Mazda MPV) to move around the farm property while working as an independent contractor for SCC. Mr. Jackson testified that he rarely used his cellular phone for personal calls and he estimated that approximately 90% of his cellular phone use was attributable to his work for SCC. He testified that he may have purchased some tools to perform repair work for SCC.

### 3. Business Records

Petitioners produced bank records showing that they paid $6,314 for gasoline in 2012. Petitioners did not maintain logs or similar records to show the number of miles that they drove their vehicles in connection with the small-engine repair business. Mr. Jackson did not keep records of the miles that he drove his vehicle while working as an independent contractor for SCC.

Petitioners paid approximately $60 per month in 2012 for two "pay-as-you-go" cellular service plans. They also paid $642 and $484 for automobile insurance for the Mazda MPV and a Ford F-150 truck (driven primarily by Mrs. Jackson), respectively, for the one-year period beginning January 21, 2012.

Petitioners were unable to provide any records or receipts for purchases of tools or supplies related to Mr. Jackson's work for SCC.

## II. Petitioners' Joint Tax Return

Petitioners filed a timely joint Federal income tax return for 2012. They claimed two dependency exemption deductions and a standard deduction of $11,900. They did not file a Schedule C, Profit or Loss From Business, with their tax return. As previously mentioned, petitioners concede that they neglected to report nonemployee compensation that Mr. Jackson received from SCC. Mr.

Jackson admitted at trial that petitioners had unreported gross receipts of $650 from the small-engine repair business.

III. Trial and Posttrial Developments

Although petitioners appeared at trial and testified, they came to Court with very few documents or records to substantiate any expenses related to Mr. Jackson's small-engine repair business or his work as an independent contractor for SCC.

At the conclusion of the trial the Court left the evidentiary record open for a brief period to permit the parties to stipulate, to the extent possible, additional documents or records that would tend to substantiate Mr. Jackson's business expenses. The parties subsequently filed with the Court a first supplemental stipulation of facts, and the Court closed the evidentiary record.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

---

[2]Petitioners do not contend that the burden of proof should be shifted to respondent pursuant to sec. 7491(a), and there is no justification on this record for

(continued...)

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the

---

[2](...continued)
doing so.

Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A deduction normally is not allowed, however, for personal, living, or family expenses. Sec. 262(a). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses related to the use of listed property as defined in section 280F(d)(4)(A). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969). The term "listed property" includes, inter alia, passenger automobiles. Sec. 280F(d)(4)(A)(i). To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his or her own statement, which, in combination, are sufficient to establish the amount, date and time, and business purpose for each expenditure or business use of listed property. Sec. 1.274-5T(b)(2), (6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016-46017 (Nov. 6, 1985).

Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. The Court may not apply the rule established in Cohan v. Commissioner, 39 F.2d at 543-544, to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

For taxable years beginning after December 31, 2009, cellular phones are no longer included in the definition of listed property in section 280F(d)(4), which was amended by the Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043(a), 124 Stat. at 2560. As a result of this change, cellular phones are no longer subject to the strict substantiation requirements of section 274(d).

## I. Small-Engine Repair Business

Petitioners contend that they are entitled to deductions for various expenses related to this business, including construction costs, vehicle expenses, and cellular phone charges.

Mr. Jackson testified that he constructed a small building on his father's property and that he purchased some building materials from a friend for the

project. Petitioners were unable to offer any receipts or other records that would show the amount, if any, that they paid in connection with the construction of the building. Section 263(a)(1) provides in relevant part that, as a general rule, no deduction shall be allowed for any amount paid out for new buildings. In any event, in the absence of any evidence that would permit the Court to conclude that a deductible expense was paid or incurred, we are obliged to deny a deduction for this item.

Petitioners provided evidence of the amounts they paid for gasoline and automobile insurance in 2012. Although we do not doubt that petitioners used their vehicles in the small-engine repair business, they failed to maintain a mileage log or a similar record that would reflect the number of miles they drove for business purposes as opposed to personal travel. Under the circumstances, petitioners have failed to satisfy the strict substantiation requirements of section 274(d), and, therefore, they are not entitled to a deduction for vehicle expenses.

Petitioners testified credibly that they used their personal cellular phones extensively in connection with the small-engine repair business. Considering that petitioners conducted the business for approximately six months, we conclude that they are entitled to a deduction of $325 (approximately 90% of their combined cellular phone charges for the period).

## II. Independent Contractor Expenses

Petitioners contend that they are entitled to deductions for expenses attributable to Mr. Jackson's work as an independent contractor for SCC including the cost of tools, vehicle expenses, and cellular phone charges.

Mr. Jackson testified that he may have purchased tools used to perform repair work for SCC. The record includes an undated letter signed by SCC's general manager which states that SCC's contract laborers were not reimbursed for work tools or supplies. Unfortunately, petitioners were unable to offer any receipts or other records that would show the amount, if any, that Mr. Jackson paid for tools or supplies. Because there is no evidence that would permit the Court to conclude that a deductible expense was paid or incurred, we are unable to apply the Cohan rule to estimate the amount of a deduction for tools or supplies.

As was the case with the small-engine repair business, petitioners provided evidence of the amounts they paid for gasoline and automobile insurance in 2012. Again, however, Mr. Jackson failed to maintain a mileage log or a similar record that would reflect the number of miles that he drove in connection with his work for SCC. Under the circumstances, petitioners have failed to satisfy the strict substantiation requirements of section 274(d), and, therefore, they are not entitled to a deduction for vehicle expenses.

Mr. Jackson testified credibly that he used his cellular phone primarily for business purposes while working as an independent contractor for SCC. On this record, we conclude that Mr. Jackson may deduct $81 or 90% of his share of monthly cellular phone expenses for the period that he worked as an independent contractor.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.